SUMMONS          SC-85-1          Clyde Castleberry Co., Covington, GA 30015

IN THE SUPERIOR COURT OF __FULTON__ COUNTY
STATE OF GEORGIA

TRACY KRISTALAKIS,

CIVIL ACTION NUMBER 2015CV269240

PLAINTIFF

VS.

GEORGIA DEPARTMENT OF CORRECTIONS,

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Georgia Department of Corrections

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jerry A. Lumley
Lumley + Harper, LLC
6036 Lakeside Commons Drive
Macon, GA 31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of __12/16/2015__, 20 ____.

Clerk of Superior/State Court

BY ___B. Browne___
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Fulton County Superior Court
\*\*\*EFILED\*\*\*BB
Date: 12/16/2015 1:47:01 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TRACY KRISTALAKIS, | |
| Plaintiff, | 2015CV269240 |
| v. | Civil Action No. _____ |
| GEORGIA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW Tracy Kristalakis, Plaintiff ("Mrs. Kristalakis"), and shows the Court the following for her Complaint for Damages against the Georgia Department of Corrections (the "Department"), Defendant:

### Parties

1.

Mrs. Kristalakis is a resident of Bibb County, Georgia.

2.

The Executive Office of the Department's Board and its Commissioner is in Atlanta, Fulton County, Georgia and, as a result, the Department is deemed to reside in Fulton County, Georgia.

3.

The Department is responsible for administering Georgia's correctional institutions and the rehabilitative programs conducted therein.

## Jurisdiction and Venue

4.

Mrs. Kristalakis seeks relief in this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). This Honorable Court has jurisdiction over the subject matter of this action.

5.

This Honorable Court has jurisdiction over the person of the Department.

6.

Venue in this action is proper.

7.

In accordance with Title VII, Mrs. Kristalakis filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") within 180 days after the unlawful employment practice that is the subject of this action occurred.

8.

On September 24, 2015, the EEOC mailed Mrs. Kristalakis notice of her right to sue the Department.

9.

In accordance with Title VII, this action is being filed within 90 days of Mrs. Kristalakis' receipt of the notice of right-to-sue from the EEOC.

10.

All conditions precedent to the institution of this suit have been fulfilled.

## Facts

11.

On June 22, 2012, Mrs. Kristalakis applied for a position with the Department by completing and submitting an employment application.

12.

Mrs. Kristalakis was one of six (6) applicants who applied for the position of Mental Health Counselor at the Department's Central State Prison facility in Bibb County, Georgia.

13.

Mrs. Kristalakis was the most qualified for the position of the six (6) applicants.

14.

Of the six (6) applicants, Mrs. Kristalakis was the only white applicant. The other applicants were black.

15.

On July 10, 2012, Mrs. Kristalakis was interviewed for the position.

16.

Mrs. Kristalakis scored the highest of the six (6) applicants based on her first interview on July 10, 2012.

17.

Mrs. Kristalakis was one of three (3) applicants who were selected for a second interview.

18.

Both of the other two (2) applicants who were selected for a second interview were black.

19.

The second interview consisted of a panel which included the Mental Health Director, The Deputy Warden, and the Warden for the Department's Central State Prison facility.

20.

The Mental Health Director, The Deputy Warden, and the Warden for the Department's Central State Prison facility are all black.

21.

Mrs. Kristalakis was notified on July 16, 2012 that she was not hired for the position. A black individual was hired for the position.

22.

Mrs. Kristalakis was not hired for the position because of her race.

23.

The Department intentionally and unlawfully discriminated against Mrs. Kristalakis because of her race by not hiring her.

24.

The Department has articulated reasons for its decision to not hire Mrs. Kristalakis.

25.

The reasons articulated by the Department are false and are merely a pretext for behavior actually motivated by intentional, unlawful, racial discrimination.

26.

Mrs. Kristalakis lost income, retirement benefits, insurance and other economic benefits of employment because of the Department's unlawful, racial discrimination.

27.

Mrs. Kristalakis will lose income, retirement benefits, insurance and other economic benefits of employment in the future because of the Department's intentional, unlawful, racial discrimination.

28.

Mrs. Kristalakis has suffered emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because of the Department's intentional, unlawful, racial discrimination.

29.

Mrs. Kristalakis will suffer emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life in the future because of the Department's intentionally, unlawful, racial discrimination.

30.

Mrs. Kristalakis has incurred attorney's fees in order to enforce her rights under Title VII.

### Claims

31.

The Department engaged in unlawful employment practices with respect to its decision not hire Mrs. Kristalakis in violation of Title VII.

32.

The Department intentionally discriminated against Mrs. Kristalakis on the basis of her race with respect to hiring in violation of Title VII.

33.

Mrs. Kristalakis has been damaged by the Department's intentional, unlawful, racial discrimination against her.

34.

The Department is liable to Mrs. Kristalakis for back pay, front, pay, compensatory damages, and pre-judgment interest because of the Department's intentional, unlawful, racial discrimination against her.

35.

Mrs. Kristalakis is entitled to recover a reasonable attorney's fee as part of the costs.

### Prayer for Relief

WHEREFORE, Ms. Kristalakis respectfully requests the following relief:

(a) The issuance of process as to the Department;

(b) A trial by jury as to all issues so triable;

(c) The entry of Judgment in favor of Mrs. Kristalakis and against the Department that includes:

> (i) back pay in an amount equal to all income, retirement benefits, insurance and other economic benefits of employment Mrs. Kristalakis has lost, plus pre-judgment interest, resulting from the Department's unlawful racial discrimination against Mrs. Kristalakis;
>
> (ii) front pay in an amount equal to all income, retirement benefits, insurance and other economic benefits of employment Mrs. Kristalakis will lose in the future resulting from the unlawful discriminatory acts of the Department;

   (iii) compensatory damages in an amount that will fully compensate Mrs. Kristalakis for the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life Mrs. Kristalakis has experienced as result of the unlawful discriminatory acts of the Department, plus pre-judgment interest;

   (iv) compensatory damages in an amount that will fully compensate Mrs. Kristalakis for the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life she will experience in the future as a result of the unlawful discriminatory acts of the Department;

   (v) costs of action, including a reasonable attorney's fee; and

(d) Such other relief that this Honorable Court deems just, fair, and proper.

Date: December 16, 2015.

                 */s/ Jerry A. Lumley*
                 Jerry A. Lumley
                 Georgia Bar No. 460866
                 Lumley & Harper, LLC
                 Post Office Box 27717
                 Macon, GA 31221
                 Telephone: (478) 471-1776
                 Facsimile: (478) 352-0177
                 Email: JLumley@lumleyandharper.com

                 **Attorney for Plaintiff**

SHERIFF'S ENTRY OF SERVICE | SC-85-2 | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

| | |
|---|---|
| Civil Action No. 2015CV269240 | Superior Court ☐    Magistrate Court ☐ <br> State Court ☐    Probate Court ☐ <br> Juvenile Court ☐ |
| Date Filed 12-16-2015 | Georgia, Fulton COUNTY |

Attorney's Address
Jerry A. Lumley
Lumley + Harper, LLC
6030 Lakeside Commons Drive
Macon, GA 31210

Name and Address of Party to be Served.
Georgia Department of Corrections
c/o Commissioner Homer Bryson
300 Patrol Road
Forsyth, GA 31029

Tracy Kristalakis
Plaintiff

VS.

Georgia Department of Corrections
Defendant

Department of Corrections
FEB 1 6 2016
Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served the defendant GA Dept of Corrections c/o Homer Bryson/Brian Owens a corporation by leaving a copy of the within action and summons with Jamie O'Brien in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 16 day of Feb, 2016.

_____ #610
DEPUTY

SHERIFF DOCKET 12 PAGE 145