Fulton County Superior Court
***EFILED***NE
Date: 3/16/2016 11:40:25 AM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| TRACY KRISTALAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 2015CV269240 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND DEFENSES**

COMES NOW Defendant Georgia Department of Corrections ("Defendant"), by and through counsel the Attorney General of the State of Georgia, and submits its Answer and Defenses to Plaintiff Tracy Kristalakis' Complaint for Damages and shows the Court the following:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Some of Plaintiff's claims and remedies are barred by Eleventh Amendment immunity and/or sovereign immunity.

THIRD DEFENSE

Plaintiff's Complaint may be subject to dismissal, in whole or in part, for lack of personal or subject matter jurisdiction.

FOURTH DEFENSE

Plaintiff's Complaint may be subject to dismissal due to failure of process, improper service of process, and/or insufficiency of service of process.

FIFTH DEFENSE

Defendant has not deprived Plaintiff of any rights, privileges or immunities secured under the Constitution or the laws of the United States or the State of Georgia.

SIXTH DEFENSE

Defendant affirmatively denies that it is guilty of any wrongful act alleged in Plaintiff's Complaint.

SEVENTH DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of the circumstances known to it.

EIGHTH DEFENSE

Defendant's employees committed no wrongful act or omission that would entitle Plaintiff to recover against Defendant in this case.

NINTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy all

jurisdictional and administrative prerequisites for such claims, including the failure to exhaust administrative remedies.

TENTH DEFENSE

Plaintiff's claims are barred to the extent that they rely on events not raised or involve persons not named in any charges that Plaintiff may have filed with the Georgia Commission on Equal Opportunity and/or the Equal Employment Opportunity Commission.

ELEVENTH DEFENSE

Defendant is not liable to Plaintiff because it has not discriminated against Plaintiff on the basis of race or any other unlawful factor, has not taken any retaliatory action against Plaintiff, and has not engaged in any otherwise illegal employment practices.

TWELVETH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, non-discriminatory reasons.

THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff's Complaint alleges liability based on the doctrine of *respondeat superior* or any other theory of vicarious liability.

FOURTEENTH DEFENSE

Plaintiff's claims for damages may be barred to the extent that she failed to mitigate her damages, the entitlement of which is expressly denied.

FIFTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, such relief is not available against Defendant as to Plaintiff's claims.

SIXTEENTH DEFENSE

Plaintiff's claim for equitable relief is barred by the doctrine of unclean hands.

SEVENTEENTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by the applicable statute of limitations and/or laches.

EIGHTEENTH DEFENSE

Defendant incorporates by reference all affirmative defenses contained in O.C.G.A. § 9-11-8 (c) to the extent same apply.

NINETEENTH DEFENSE

Defendant denies any allegation not expressly admitted herein.

TWENTIETH DEFENSE

Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation.

Without waiving any of the foregoing defenses, Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

PARTIES

1.

Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.

Defendant admits that the Executive Office of the Department's Board and its Commissioner is in Atlanta, Fulton County, Georgia. The remainder of paragraph 2 of Plaintiff's Complaint contains a legal conclusion. As such, it requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant.

3.

Defendant admits paragraph 3.

JURISDICTION AND VENUE

4.

Paragraph 4 is a statement of Plaintiff's claims and a statement of Plaintiff's legal theories regarding jurisdiction. As such, it requires no response from

Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant.

5.

Paragraph 5 is a statement of Plaintiff's legal theories regarding jurisdiction. As such, it requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant.

6.

Paragraph 6 is a statement of Plaintiff's legal theories regarding venue. As such, it requires no response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever against Defendant.

7.

Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same. Defendant further denies that it engaged in any unlawful employment action involving Plaintiff.

8.

Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.

Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10.

Paragraph 10 of Plaintiff's Complaint contains a legal conclusion. As such, it requires no response from Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 10 and, therefore, denies the same.

FACTS

11.

Defendant admits paragraph 11.

12.

Defendant denies paragraph 12, as stated. By way of further clarification, Defendant states that Plaintiff was one of 16 applicants for the position of MH/MR Counselor 2 at Central State Prison.

13.

Defendant denies paragraph 13.

14.

Defendant denies paragraph 14, as stated. By way of further clarification,

Defendant admits that Plaintiff was the only white applicant interviewed of the seven applicants who were interviewed.

15.

Defendant admits paragraph 15.

16.

Defendant denies paragraph 16, as stated. By way of further clarification, Defendant admits that Plaintiff scored the highest of the seven applicants who were interviewed during the first round of interviews.

17.

Defendant admits paragraph 17.

18.

Defendant admits paragraph 18 except that the panel included the Mental Health Unit Manager instead of the Mental Health Director.

19.

Defendant admits paragraph 19 except that the panel included the Mental Health Unit Manager instead of the Mental Health Director.

20.

Defendant admits paragraph 20.

21.

Defendant is without sufficient knowledge or information to respond to the allegations in sentence 1 of paragraph 21 and, therefore, denies the same. Defendant admits sentence 2 of paragraph 21.

22.

Defendant denies paragraph 22.

23.

Defendant denies paragraph 23.

24.

Defendant admits paragraph 24.

25.

Defendant denies paragraph 25.

26.

Defendant denies paragraph 26. Defendant further denies that its actions were unlawful or discriminatory.

27.

Defendant denies paragraph 27. Defendant further denies that its actions were unlawful or discriminatory.

28.

Defendant denies paragraph 28. Defendant further denies that its actions were unlawful or discriminatory.

29.

Defendant denies paragraph 29. Defendant further denies that its actions were unlawful or discriminatory.

30.

Defendant is without sufficient knowledge or information to respond to the allegations in paragraph 30 of Plaintiff's Complaint and, therefore, denies the same. Defendant further denies that its actions were unlawful or discriminatory.

**Claims**

31.

Defendant denies paragraph 31.

32.

Defendant denies paragraph 32.

33.

Defendant denies paragraph 33. Defendant further denies that its actions were unlawful or discriminatory.

34.

Defendant denies paragraph 34. Defendant further denies that its actions were unlawful or discriminatory.

35.

Defendant denies paragraph 35.

**Prayer for Relief**

The remainder of Plaintiff's Complaint contains prayers for relief.

In response to paragraphs (a) – (d) of Plaintiff's prayers for relief, Defendant denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from Defendant.

Defendant denies any allegation contained in Plaintiff's Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendant hereby prays that Plaintiff's Complaint be dismissed in its entirety with all costs cast upon Plaintiff, and for such other relief as this court deems just and proper, including, but not limited to, an award of reasonable attorney's fees incurred by Defendant in the defense of this action.

Respectfully submitted, this 16th day of March, 2016.

SAMUEL S. OLENS 551540
Attorney General

(signatures continue on next page)

DENNIS R. DUNN 234098
Deputy Attorney General

s/Annette M. Cowart
ANNETTE M. COWART 191199
Senior Assistant Attorney General

s/Katherine Powers Stoff
KATHERINE POWERS STOFF 536807
Assistant Attorney General
Attorneys for Defendant

PLEASE SERVE:
Katherine Powers Stoff
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3393
(404) 657-9932 (fax)
kstoff@law.ga.gov

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TRACY KRISTALAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 2015CV269240 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of March electronically filed the foregoing **DEFENDANT'S ANSWER AND DEFENSES** with the Clerk of Court using the E-file Georgia system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Jerry A. Lumley
Lumley & Harper, LLC
P.O. Box 27717
Macon, Georgia 31221
JLumley@lumleyandharper.com

s/Katherine Powers Stoff
Katherine Powers Stoff
Attorney for Defendant