## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TRACY KRISTALAKIS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action File No. |
| | * | 1:16-cv-00856-MHC-RGV |
| GEORGIA DEPARTMENT OF | * | |
| CORRECTIONS, | * | |
| | * | |
| Defendant. | * | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.     **Description of Case:**

(a)     Describe briefly the nature of this action.

Plaintiff brings this action seeking back pay, front pay, compensatory damages, costs and attorney's fees pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*., (hereinafter "Title VII"), for race discrimination.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Statement:**

In June 2012, Plaintiff Tracy Kristalakis ("Mrs. Kristalakis") applied for the position of Mental Health/Mental Retardation Counselor 2 at Central State Prison facility in Bibb County, Georgia, a division of the Georgia Department of

Corrections, by completing and submitting an employment application.  Mrs. Kristalakis was one of six applicants who applied for the position and was the most qualified for the position of the six applicants.  Of the six applicants, Mrs. Kristalakis was the only white applicant.  The other applicants were black.

Mrs. Kristalakis was interviewed for the position on July 10, 2012 by a panel of three Georgia Department of Corrections' (the "Department") employees. Mrs. Kristalakis scored the highest of the six applicants based on her first interview and was one of three applicants who were selected for a second interview. Both of the other two applicants who were selected for a second interview were black.

The second interview consisted of a panel which included the Mental Health Director, The Deputy Warden, and the Warden for the Department's Central State Prison facility. The Mental Health Director, The Deputy Warden, and the Warden for the Department's Central State Prison facility are all black. Following the second interview, Mrs. Kristalakis was notified on July 16, 2012 that she was not hired for the position.  A black individual was instead hired for the position.

The reason Mrs. Kristalakis was not hired for the position was because of her race. Mrs. Kristalakis was more qualified than the candidate who was selected. She had previously been employed by the Department and had no record of poor performance while working there.  The Department has a history of by-passing qualified white candidates and intentionally and unlawfully discriminated against

Mrs. Kristalakis because of her race by not hiring her. The Department has articulated reasons for its decision to not hire Mrs. Kristalakis. However, the reasons articulated by the Department for not hiring Mrs. Kristalakis are false and are merely a pretext for behavior actually motivated by intentional, unlawful, racial discrimination.

**Defendant's Statement:**

In June 2012, Plaintiff, a Caucasian female, applied for a Mental Health/Mental Retardation Counselor 2 position at Central State Prison, a division of the Georgia Department of Corrections.  Following the initial interviews, Defendant chose Plaintiff and two other candidates to return for the second round of interviews.  Defendant chose to hire another applicant, an African American female, because she was a better fit for the position.  Plaintiff contends that Defendant's decision to hire the other applicant was racially discriminatory. Defendant denies Plaintiff's contentions.

Defendant denies that it discriminated against Plaintiff or that it interfered with Plaintiff's legal rights or engaged in any otherwise illegal practices with respect to her.  Defendant submits that it declined to hire Plaintiff for a legitimate, non-discriminatory, business reason.

(c)     The legal issues to be tried are as follows:

1) Whether Defendant engaged in race discrimination in violation of Title VII, 42 U.S.C. § 2000(e) *et seq.*?

2) Whether Plaintiff is entitled to an award of any damages and if so, the amount of such damages?

3) Whether Plaintiff is entitled to an award of attorneys' fees and expenses of litigation?

(d)     The cases listed below (include both style and action number)

are:

(1)     Pending Related Cases:   None

(2)     Previously Adjudicated Related Cases:   None

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1)   Unusually large number of parties.
\_\_\_\_\_ (2)   Unusually large number of claims or defenses.
\_\_\_\_\_ (3)   Factual issues are exceptionally complex.
\_\_\_\_\_ (4)   Greater than normal volume of evidence.
\_\_\_\_\_ (5)   Extended discovery period is needed.
\_\_\_\_\_ (6)   Problems locating or preserving evidence.
\_\_\_\_\_ (7)   Pending parallel investigations or action by government.
\_\_\_\_\_ (8)   Multiple use of experts.
\_\_\_\_\_ (9)   Need for discovery outside United States boundaries.
\_\_\_\_\_ (10) Existence of highly technical issues and proof.
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information.

The parties do not consider this case to be complex.

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**

Jerry A. Lumley
Georgia Bar No. 460866
Lumley & Harper, LLC
6030 Lakeside Commons Drive
Macon, Georgia 31210
(478) 471-1776
(478) 352-0177 {facsimile}
JLumley@lumleyandharper.com

**Defendant**

Katherine Powers Stoff
Georgia Bar No. 536807
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3393
(404) 657-9932 {facsimile}
kstoff@law.ga.gov

4.    **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____Yes                    __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None known at this time.

(b)    The following persons are improperly joined as parties:

None known at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Not Applicable.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name:

The parties agree to inform the court should any such contentions become known.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do not anticipate filing any amendments to their pleadings at this

time.

(b) Amendments to the pleading submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*:  refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

### 8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties stipulate that initial disclosures shall be due on April 25, 2016.

### 9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

### 10.    Discovery Period:

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month's discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will be needed as to the factual basis of Plaintiff's claims,

Defendant's defenses, Plaintiff's claimed damages, Plaintiff's efforts to mitigate

her claimed damages, and all other discoverable information bearing on her claims

in this case. Plaintiff and Defendant expressly reserve any and all objections to

discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate needing more than the assigned 4-month

discovery period. The parties will notify the Court if unanticipated events occur

that justify an extension of the discovery period.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

No changes should be made at this time.

(b) Is any party seeking discovery of electronically stored information?

_____X_____ Yes          _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Counsel for the parties have agreed to work together to complete discovery of relevant e-mail communications and documents in a manner that ensures thorough production yet imposes the least financial burden on the parties.  To that end, Defendant requests that Plaintiff provide them with a list of search terms to be used in conducting searches of Defendant's e-mail servers.  Defendant also requests that Plaintiff agree to limit the scope of e-mail searches by date and recipient/sender.  If necessary due to the volume of e-mails identified, Defendant may request Plaintiff enter into a "claw back" agreement to protect Defendant against inadvertent waiver of applicable evidentiary privileges.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed to produce electronically stored information in either a paper format or on a disc.  To the extent possible, any documents produced on a disc will be produced in a PDF format.  To the extent that any party believes,

on a case-by-case basis, that metadata for a specific document or class of

documents should be produced, the parties will meet and confer in good faith to

determine what production is necessary.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

### 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties suggest none at this stage.  The parties may, however, execute a

consent protective order to limit the use and disclosure of confidential and

proprietary information disclosed during discovery.

### 13.    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 24, 2015, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature)_____*s/Jerry A. Lumley*_____

    Other participants:_____

For defendant:  Lead counsel (signature)_____*s/ Katherine Powers Stoff*

    Other participants:_____

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(__x__) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with judge is needed.

(____) No possibility of settlement.

(c)     Counsel (____) do or (__x__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is not yet known, but counsel for both parties will continue to discuss the possibility of resolution.

(d)     The following specific problems have created a hindrance to settlement of this case:

None at this time.

## 14.     Trial by Magistrate Judge:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day, _____, of 201__.

(b)     The parties (__x__) do not consent to having this case tried before a magistrate judge of this court.

Submitted this 15th day of April, 2016.

**COUNSEL FOR PLAINTIFF**                    **COUNSEL FOR DEFENDANT**

*s/Jerry A. Lumley*                                          *s/Katherine Powers Stoff"*

Jerry A. Lumley                                              Katherine Powers Stoff

Georgia Bar No. 460866                              Georgia Bar No. 536807

Lumley & Harper, LLC                               40 Capitol Square

6030 Lakeside Commons Drive                  Atlanta, Georgia 30334-1300

Macon, Georgia 31210                                (404) 656-3393

(478) 471-1776                                            kstoff@law.ga.gov

JLumley@lumleyandharper.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TRACY KRISTALAKIS       *

          *

      Plaintiff,         *

          *

v.                    *       Civil Action File No.

          *       1:16-cv-00856-MHC-RGV

GEORGIA DEPARTMENT OF    *

CORRECTIONS,           *

          *

      Defendant.       *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

IT IS SO ORDERED, this _____ day of _____, 2016.


_____

RUSSELL G. VINEYARD
MAGISTRATE JUDGE, UNITED STATES
DISTRICT COURT